## F. REMPE & SON v. HENRIETTA RAVENS ET AL.

*Claim for exemption in appellate court—*
1. A defendant against whom an attachment was issued and judgment rendered in a justice's court, is entitled to set up his claim for exemption in an action of interpleader filed in the superior court by the garnishee, who has been ordered by the justice to pay the amount into his court, but has not complied with the order; and this is true notwithstanding no claim for exemption was made in the justice's court.

*Order requiring garnishee to pay does not defeat exemption—*
2. The order of a justice of the peace in attachment proceedings requiring a garnishee to pay the proceeds of a policy of insurance into court for the benefit of the judgment creditors is not an application of the fund to the creditors' claims so as to preclude a claim for exemption therein, the selection being reasonable if made before the fund has actually come into custody of the court.

---

JACKSON, J.

The facts of this case are fully and clearly set forth in the opinion of the court below. The question presented for determination is as to the right of one who was defendant in the court of a justice of the peace and against whom an attachment was issued and judgment rendered (the garnishee in the attachment be-

ing ordered to pay the amount of judgment into court) to claim exemption here 'n an action of interpleader filed by the garnishee, although the defendant in the justice's court did not claim the exemption allowed by law at any stage of the proceedings in the justice's court.

It is insisted on behalf of the plaintiff in error that the court below erred in sustaining the right of the party to demand exemption under these circumstances. It is contended that the party should have made the demand for exemption in the justice's court; that the order of the justice requiring the garnishee to pay the money into court was a full determination of the rights of the party, and that such order was in fact an application of the fund in the hands of the garnishee to the claim of the plaintiff in the justice's court.

In *Petersine* v. *Thomas,* 28 Ohio St. 596, it is held that "When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case."

But in *Close* v. *Sinclair,* 38 Ohio St. 530, the court held that "The right given by sec. 3 of the homestead act as amended February 27, 1873 (70 O. L. 51), to a debtor who is the head of a family, and not the owner of a homestead, to hold exempt from levy and sale, property as therein mentioned, to be selected by him 'at any time before sale, applies as well to property levied on by attachment as by execution; and an order for the sale of the attached property, made in the proceedings in attachment, does not prevent the debtor from exercising his right of selection after the making of such order of sale.'"

In *Chilcote* v. *Conley,* 36 Ohio St. 545, it was held that a debtor has the right to select "money" in lieu of homestead at any time before there has been an application *in fact* of the money to the claim of the judgment creditor.

It is, however, contended in the case at bar that the order of the justice of the peace, requiring the insurance company (the garnishee) to pay the money into court for the benefit of the judgment creditor, was, in and of itself, an application of the money to the judgment creditor's claim.

We do not think this is sound. The common pleas court of Huron county has held otherwise in the well considered case of *Hoover* v. *Haslage* reported in 5 Nisi Prius, 90. It is there stated, on page 101, as follows: "It suffices, however, so far as con-

cerns this case, to hold that a selection is seasonable if it be made while the fund has still not come into the custody of the court, but remains with the garnishee for future disposition."

We think, therefore, that the defendant in the justice's court was entitled to set up her claim to exemption in the action of interpleader filed in this court by the garnishee, although the garnishee had been ordered by the justice to pay the amount into his court (which order was not complied with), and although there was no claim for exemption made in the justice's court.

The judgment of the court below will therefore be affirmed.

*Burch & Johnson,* for Plaintiff in Error.
*G. W. Harding,* contra.